CARL GIORDANO ET AL. *v.* FREEDOM OF INFORMATION
COMMISSION

SUPERIOR COURT        JUDICIAL DISTRICT OF        FILE NO. 2443
                      ANSONIA-MILFORD

Memorandum filed December 19, 1979

*Gitlitz, Ronai & Berchem,* for the named plaintiff.

*Constance L. Chambers,* for the defendant.

O'SULLIVAN, J. This is an appeal from a decision
of the defendant commission.

The board of aldermen of the city of Milford is
a fifteen-member elected legislative body. On April
16, 1978, the board consisted of five Democratic
members and ten Republican members. Under the
Milford charter, the board is the budget making
authority of the city and, as such, holds deliberative

meetings on the proposed budget during the month of April in each year. On Sunday evening, April 16, 1978, at approximately 7 p.m. the ten Republican aldermen met in the office of Mayor Henry A. Povenelli, also a Republican. Present at that time and place besides the ten Republican aldermen were Richard Dowin, administrative assistant to the mayor and Frederick Lisman, chairman of the board of finance of the city of Milford, both of whom were Republicans. The Democratic members of the board of aldermen did not receive notice of the gathering. The purpose of the gathering was to discuss budget items to be considered at the board meeting to be held on the following evening, April 17, 1978. Neither the minutes nor the votes taken, if any, were kept. Among the items under discussion was the annual grant to the borough of Woodmont, a municipality located within the city of Milford. Under the provisions of the Woodmont charter, the amount of money to be given to the borough by the city each year was to be determined by the budget making authority of the city of Milford (the board of aldermen) and the board of warden and burgesses of the borough. If a mutually acceptable appropriation could not be agreed on, the borough is empowered by statute to file a lawsuit in the Superior Court. The board of warden and burgesses consists of one elected warden and six elected burgesses. During preliminary budget processes, the borough officials had requested a grant of $69,000 for the 1978-1979 fiscal year and the mayor and board of finance of the city had recommended that the city appropriate $40,000 to the borough. During the discussion in the mayor's office, Carl Giordano, one of the Republican aldermen and chairman of the board, placed a telephone call to Richard Austin, warden of the borough of Woodmont. Austin is registered as an unaffiliated voter in Milford. The telephone used was equipped

with a speaker device that permitted everyone present in the mayor's office to listen to both sides of the conversation and to be heard by Austin if they wished to speak. Giordano asked Austin if $50,000 would be an acceptable figure as a grant to the borough. Austin indicated he would talk to the burgesses and call back. He did call back and indicated that $50,000 was acceptable. During the morning of April 17, 1978, Austin called Giordano and advised him that, after reconsideration, the burgesses would not accept the $50,000 figure. On the evening of April 17, 1978, the board of aldermen, by a nine to six vote (nine Republicans voting in the affirmative and five Democrats and one Republican voting in the negative) appropriated $40,000 as a grant to the borough.

On April 26, 1978, the five Democratic aldermen filed a complaint with the defendant commission that the gathering in the mayor's office on April 16, 1978 was a public meeting, that they were not notified of the meeting, that there was no public notice of the meeting and that no minutes were taken or filed with the city clerk. A hearing was held on the complaint by the defendant commission on June 19, 1978. On August 23, 1978, the defendant commission issued a decision holding that it had jurisdiction to hear the matter, that the gathering was a public meeting and that the requirements of General Statutes §§ 1-7—1-21k for such a meeting had not been met. It ordered the Republican aldermen henceforth to comply with the statutes by limiting participation in their caucuses to those enrolled members of the Republican party who were members of the board of aldermen.

This appeal was then taken by the Republican aldermen. They are obviously aggrieved for the purpose of taking an appeal.

The plaintiffs' first claim is that the complaint to the defendant commission was not timely heard and decided and that, therefore, the defendant commission had no jurisdiction over the matter. This claim is based on § 1-21i (b) of the General Statutes which reads in part as follows: "Said commission shall, within twenty days after receipt of the notice of appeal, hear such appeal after due notice to the parties and shall decide the appeal within thirty days after such hearing . . . ." In fact, the defendant commission scheduled the hearing approximately fifty-two days after its receipt of the complaint and issued its decision approximately fifty-five days after the hearing.

The time periods, however, are directory and not mandatory and failure to comply with them does not deprive the defendant commission of jurisdiction in the matter.

The plaintiffs also claim that the gathering on April 16, 1978 was not a public meeting but was a caucus and was therefore exempt from the rules applying to public meetings. This claim is based on § 1-18a (b) of the General Statutes which reads in part as follows: " 'Meeting' means any hearing or other proceeding of a public agency . . . to discuss or act upon a matter over which the public agency has supervision, control, jurisdiction or advisory power. 'Meeting' shall not include . . . a caucus of members of a single political party . . . . 'Caucus' means a convening or assembly of the enrolled members of a single political party who are members of a public agency . . . ." The Milford board of aldermen is a public agency within the meaning of the statute. The obvious purpose of a caucus is to discuss and to decide on the position to be taken by the members of the political party holding the caucus on matters to come before the public agency of which they are a part.

The gathering in the mayor's office on April 16, 1978 included the ten Republican members of the board of aldermen, the mayor's administrative assistant, a Republican, the chairman of the board of finance, also a Republican and, by phone, Austin, who was not a Republican. The gathering thus was not of the Republican members of the board of aldermen.

In addition, the gathering was to discuss budget items to be considered at the board meeting the next day and to make a deal with the borough of Woodmont on the amount to be appropriated to that borough. An agreement was made that night. It is obvious that the gathering was for a purpose other than to determine what the Republican position would be on the Woodmont appropriation.

Under these circumstances the gathering was not a caucus, the exemption does not govern the situation and the rules concerning a public meeting do apply. The defendant commission was correct in its finding and in its ruling.

The appeal is dismissed.